UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

RAVI PERSAUD,

                Petitioner,

- against -

UNITED STATES OF AMERICA

                Respondent.
------------------------------------------------------X

**OPINION AND ORDER**

12 Civ. 2051 (SAS)

S3 09 CR 958-07 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/12

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On July 26, 2010, a ten count Superseding Indictment was filed, charging petitioner Ravi Persaud – then a practicing attorney – with the following: conspiracy to commit bank and wire fraud (Count One);[1] bank fraud in connection with a property located at 958 East 108th Street, Brooklyn, New York (Count Three);[2] bank fraud in connection with a property located at 104-36 134th Street, South Richmond Hills, New York (Count Four);[3] and bank fraud in connection with a property located at 104-03 51st Avenue, Coronoa, New York (Count Six).[4] For Counts Three, Four and Six, Persaud was also charged with aiding and abetting

---

[1] *See* 18 U.S.C. § 1349.

[2] *See id.* § 1344.

[3] *See id.*

[4] *See id.*

the offenses charged in those counts.[5]

On August 26, 2010, the jury convicted Persaud on all four counts. On February 25, 2011, Persaud was sentenced to time served, to be followed by three years of supervised release. The judgment of conviction was docketed on March 4, 2011. Persaud did not appeal his conviction or sentence. Persaud, represented by counsel, filed the instant motion to vacate, set aside or correct his sentence pursuant to Title 28, United States Code, section 2255 on March 20, 2012.[6] In his Petition, Persaud argues that: (1) the evidence did not support the jury's verdict and he is "actually innocent" of the crimes for which he was convicted; (2) his post-conviction waiver of the right to appeal and bring a collateral challenge under section 2255 is unenforceable because the agreement waiving those rights was entered into without effective assistance of counsel and was otherwise not knowing, intelligent and voluntary; and (3) his attorney rendered ineffective assistance of counsel at trial. For the following reasons, Persaud's section 2255 motion is denied in its entirety and no certificate of appealability will be issued by this Court.

---

[5] *See id.* § 2.

[6] *See* Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody, dated March 16, 2012 (the "Petition").

## I.     BACKGROUND

On February 18, 2011, just days away from his sentencing, Persaud and his trial attorney, David Louis Cohen, signed a post-conviction agreement (the "Agreement") with the United States Attorney's Office.[7] The Agreement states as follows:

> In consideration of the defendant's agreement to waive the right to appeal, or litigate under Title 28, United States Code, Sections 2255 and/or 2241, any and all possible issues arising from the above-mentioned trial and pretrial proceedings relating thereto, the parties agree to enter into the sentencing stipulations set forth below.[8]

The Agreement limited the amount of forfeiture owed by Persaud to $57,430, capped the amount of restitution to less than or equal to $1,000,000.00, and provided for a stipulated Guidelines range of 46 to 57 months in custody.[9] In exchange for these benefits, it was

> understood that the defendant[] will have no right to challenge the jury's verdict (or any of the related pretrial proceedings) either on appeal, or under Title 28, United States Code, Section 2255 and/or Section 2241, should the sentence imposed by the Court be outside the Guidelines range set forth above.

---

[7]   *See* 2/11/11 Agreement, Ex. A to Petitioner's Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. § 2255 ("Pet. Mem.").

[8]   *Id.* at 1.

[9]   *See id.* at 2, 3, 4.

>It is therefore agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 46 to 57 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range.[10]

The Agreement was also discussed among the parties at Persaud's sentencing on February 25, 2011.

>THE COURT:   Now as I understand the terms of the February 11th agreement that was signed on February 18th, defendant has waived his right to appeal his conviction or his sentence in return for the government's agreement with respect to forfeiture and restitution, so I don't think I [will] advise him of his right to appeal. Is that your view, Ms. Apps?
>
>MS. APPS:   Correct, your Honor.   He has an agreement.
>
>THE COURT:   Mr. Cohen, you agree?
>
>MR. COHEN:   I do, your Honor.[11]

Furthermore, when he was given the opportunity to speak at his sentencing, Persaud did not indicate that he did not understand the terms of the Agreement nor

---

[10]   *See id.* at 4.

[11]   2/25/11 Sentencing Transcript at 30-31 (Document # 161 on ECF).

did he state that he did not knowingly and voluntarily enter into the Agreement.[12]

In his Declaration, Persaud now states that his trial counsel reminded him "that there are no grounds for an appeal and that an appeal would not be successful."[13] Trial counsel further advised Persaud "that to preserve an appeal that had no merit at the cost of losing the certainty of a more favorable sentence would be unwise."[14] Trial counsel "repeatedly advised [Persaud] to enter an agreement with the government waiving my right to appeal in exchange for a stipulated loss, forfeiture, and restitution amount."[15] According to Persaud, but for his trial counsel's advice that he had no grounds for appeal, he would have filed a notice of appeal.[16]

## II.  LEGAL STANDARDS

### A.  Section 2255

Section 2255 permits a convicted person held in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence. A properly filed motion under section 2255 must allege that: (1) the sentence was imposed in

---

[12] *See id.* at 14-15.

[13] 3/18/12 Declaration of Ravi Persaud, Ex. B to the Pet. Mem., ¶ 13.

[14] *Id.* ¶ 14.

[15] *Id.* ¶ 10.

[16] *See id.* ¶ 16.

violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[17] Accordingly, collateral relief under section 2255 is permitted "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"[18] Finally, in a section 2255 proceeding, "the petitioner bears the burden of proof by a preponderance of the evidence."[19]

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[20] introduced a one-year statute of limitations with respect to the filing of habeas corpus petitions.[21] Pursuant to the AEDPA, an application for a writ of habeas corpus is subject to a one-year period of limitation which runs from the

---

[17] *See* 28 U.S.C. § 2255.

[18] *Cuoco v. United States*, 208 F.3d 27, 29 (2d Cir. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[19] *Sanchez v. United States*, No. 10-CV-3653, 2012 WL 3150581, at *1 (E.D.N.Y. July 31, 2012) (citing *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 1978)).

[20] Pub. L. No. 104-132, 110 Stat. 1214.

[21] *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998).

latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[22]

Effective December 1, 2009, a notice of appeal "must be filed in the district court within fourteen days after the later of: (i) the entry of either judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."[23] Where there is no waiver of appeal, a conviction from which no appeal is taken becomes final when the time for filing a notice of appeal expires.[24] In such cases, the fourteen-day period begins to run once the judgment of conviction has

---

[22]   28 U.S.C. § 2255(f)(1)-(4).

[23]   Fed. R. App. P. 4(b)(1)(A). The fourteen-day period excludes the day of the event but includes the last day of the period as well as Saturdays, Sundays, and holidays. *See id.* 26(a)(1)(A)-(C).

[24]   *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (stating that "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). *Accord Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).

been docketed.[25]  Where there is a waiver of appeal, a conviction arguably becomes final the day sentence is imposed.[26]

### C. Waiver of Direct Appeal and Collateral Attack Rights

The Second Circuit has repeatedly held that waivers of the right to directly appeal and/or collaterally attack a sentence under section 2255 are typically valid and enforceable.[27]  Such waivers are typically found in plea agreements but post-conviction agreements can contain them as well.[28]  "When construing an appellate waiver, [courts] apply 'well-established contract principles' and examine the plain language of the [post-conviction] agreement."[29]  Such

---

[25]    *See Moshier*, 402 F.3d at 118 ("As Moshier's judgment of conviction was entered on Monday, April 29, 2002, his conviction became final for AEDPA purposes on Thursday, May 9, 2002, the date on which his time to file a direct appeal expired.").

[26]    *See Rodriguez v. Thaler*, 664 F.3d 952, 953 n.1 (5th Cir. 2011) (noting, but not deciding, respondent's argument "that where an appeal waiver exists a conviction becomes final immediately").

[27]    *See, e.g., United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005); *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam) ("It is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable.").

[28]    *See, e.g., United States v. Lasley*, 331 Fed. App'x 600, 601 (10th Cir. 2009).  Whether the waiver is found in a plea or post-conviction agreement does not affect its enforceability.  Accordingly, cases in which appellate/habeas waivers are addressed within the context of guilty pleas are discussed herein.

[29]    *United States v. Taylor*, 413 F.3d 1146, 1152 (10th Cir. 2005) (quoting *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005)).

waivers are strictly construed and "any ambiguities in these agreements are read against the Government and in favor of a defendant's appellate rights." [30] Thus, the scope of a waiver is governed by the express language of the agreement in which it is found and the Government, as drafter, must be held to the literal terms of that agreement.[31]

"'[W]aivers of the right to appeal a sentence, like waivers of constitutional rights, are invalid unless they are voluntary and knowing.'"[32] An agreement to waive appellate/collateral attack rights "is not enforceable 'unless the record "clearly demonstrates" that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary.'"[33] Accordingly, a defendant's knowing and voluntary waiver of his right to appeal and/or collaterally attack his sentence pursuant to section 2255 is generally enforceable.[34]

---

[30] *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (quotation marks and citations omitted).

[31] *See United States v. Anglin*, 215 F.3d 1064, 1067 (9th Cir. 2000).

[32] *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004) (quoting *United States v. Ready*, 82 F.3d 551, 556 (2d Cir. 1996) (bracket in original)).

[33] *Id.* (quoting *Ready*, 82 F.3d at 557).

[34] *See, e.g., Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral rights in a plea agreement.") (citing *Garcia-Santos v. United States*, 273 F.3d 506, 508-09

"To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary because "the advice he received from counsel was not within acceptable standards[.]"[35] "In challenging the ineffectiveness of counsel in connection with a [waiver] agreement, a defendant is challenging 'the constitutionality of the *process* by which he waived [his right to appeal].'"[36] Therefore, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured . . . ."[37]

---

(2d Cir. 2001) (per curiam)); *Monzon*, 359 F.3d at 116 ("Where the record clearly demonstrates that the defendant's waiver of her right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable.").

[35] *United States v. Parisi*, 529 F.3d 134, 138 (2d Cir. 2008). *Cf. United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) ("We have suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.").

[36] *Id.* (quoting *Hernandez*, 242 F.3d at 113 (emphasis and brackets in original)).

[37] *Frederick*, 308 F.3d at 195-95 ((citing *Hernandez*, 242 F.3d at 113-14)  (declining to enforce waiver of appellate rights where defendant sought to challenge the constitutionality of the process by which appeal rights were waived on the basis of ineffective assistance of counsel)); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (holding that a waiver of the right to file a section 2255 motion is unenforceable where the defendant claims ineffective assistance of counsel with respect to the plea agreement containing the waiver)).

### D. Ineffective Assistance of Counsel

A petitioner seeking to attack his sentence based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," namely, demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[38]

When analyzing a claim that counsel's performance did not meet constitutional standards, "judicial scrutiny of counsel's performance must be highly deferential."[39] The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[40] "In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices."[41] Finally, even if an attorney's performance was objectively unreasonable and

---

[38] *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984).

[39] *Id.* at 689.

[40] *Id.*

[41] *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Stickland*, 466 U.S. at 690).

unprofessional, a petitioner must still prove prejudice.[42]  As explained by the Supreme Court, the order of analysis of the two *Strickland* prongs – performance and prejudice – is at the discretion of the court.[43]  In other words, if the court finds that there is no prejudice, it need not reach the performance prong.[44]

### III. DISCUSSION

#### A. Time Bar

Sentence was imposed on February 25, 2011, and the judgment of conviction was docketed on March 4, 2011.  Assuming, *arguendo*, that the limitations period runs from the latter date, petitioner's conviction became final fourteen days later, on Friday, March 18, 2011.  One year from this date falls on Sunday, March 18, 2012.  Because this date falls on a weekend, petitioner's deadline for filing a timely habeas motion was Monday, March 19, 2012.  From a review of the docket sheet, petitioner's habeas counsel attempted to file the instant

---

[42] *See Stickland*, 466 U.S. at 687.

[43] *Id.* at 697, 693 ("Even if a defendant shows that particular errors of counsel were unreasonable, . . . the defendant must show that they actually had an adverse effect on the defense. . . [and] there is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

[44] *See Farrington v. Senkowski*, 214 F.3d 237, 242 (2d Cir. 2000) (stating that courts need not resolve the *Strickland* performance prong if the prejudice prong is more readily resolved).

motion electronically, on March 18, 2012. On March 19, 2012, petitioner's attorney was notified that his attempted electronic filing was rejected and that he had to manually re-file the motion. Counsel, however, did not re-file the motion until the next day, March 20, 2012.

The Supreme Court has held "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."[45] The Supreme Court explained further:

> [i]f, as this Court has held, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," then, by the same token, they surely have no obligation to assist attorneys representing the State. Nevertheless, if a judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge.[46]

The Supreme Court cautioned, however, that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."[47]

---

[45] *Day v. McDonough*, 547 U.S. 198, 209 (2006).

[46] *Id.* at 210 ((quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)) (footnote omitted, second bracket in original)).

[47] *Id.* ("Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred.") (quoting *Granberry v. Greer*, 481 U.S. 129, 136 (1987)).

Here, Persaud's motion was filed one day after the one-year limitations period expired. As such, the motion could be dismissed by this Court, *sua sponte*, as time-barred despite respondent's failure to raise the statute of limitations as an affirmative defense. However, in light of this *de minimis* delay and the fact that the parties were not put on notice that this Court would be considering the timeliness issue, I will not dismiss the instant motion as time-barred. Rather than rely on so slender a supporting reed, this Court finds petitioner's section 2255 motion to be foreclosed by the waiver of appellate/collateral attack rights provision in the post-conviction Agreement.

### B.   Enforceable Waiver

As stated earlier, whether the waiver to which petitioner agreed is enforceable "turns on 'whether the ineffective assistance tainted the voluntariness of the . . . waiver agreement itself.'"[48] Here, Persaud's trial attorney advised him that he would be better off if he agreed to waive his right to appeal/collaterally attack in exchange for stipulated loss, forfeiture and restitution amounts. Because Persaud received clear and significant benefits in agreeing to the waiver, it cannot be said that his attorney rendered ineffective assistance when he counseled in its favor. Persaud was given a non-custodial, non-Guidelines sentence which

---

[48]   *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) (quoting *United States v. Vasquez*, 194 F.3d 1321 (10th Cir. 1999)).

rendered the concessions he made in the Agreement unnecessary. But this fact does not make his attorney's advice, viewed contemporaneously without the benefit of hindsight, constitutionally inadequate. I therefore find that counsel's performance did not fall below an objective standard of reasonableness when he recommended that Persaud agree to the waiver.

Nor is the waiver unknowing and involuntary. Persaud argues that Federal Rule of Criminal Procedure 11 "mandates that the court personally address the defendant, inform him of and determine that he understand any waiver of his right to appeal."[49] But Rule 11 specifically applies to guilty pleas. Here, petitioner elected to go to trial and was convicted by a jury. Rule 11 is therefore inapplicable. Equally without merit is Persaud's argument that this Court should have personally addressed him with regard to the waiver.[50] The waiver was raised at Persaud's sentencing where he was given the opportunity to address the Court, which he did. Moreover, Persaud is an attorney who clearly has the capacity to understand the plain terms of the waiver without judicial assistance. As such, it is reasonable to presume that Persaud understood and willingly agreed to the terms of

---

[49] Pet. Mem. at 10 (citing Fed. R. Crim. P. 11(b)(1)(N) (stating that at the plea allocution, the court must inform the defendant of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence")).

[50] *See id.*

the waiver.[51] Accordingly, I conclude that petitioner's waiver of his appeal/collateral attack rights was knowing and voluntary.

Finally, Persaud's reliance on *Campusano v. United States* [52] is misplaced. In *Campusano*, the question addressed by the appellate court was whether the presumption of prejudice described in *Roe v. Flores Ortega*[53] "applies to a defendant who has waived appeal in a plea agreement."[54] The Second Circuit held that it does, stating as follows:

> The question presented in this case is whether an attorney who fails to file a notice of appeal *requested by his client* is constitutionally ineffective when the client waived appeal in his plea agreement. We hold that even after a waiver, a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal and submit a

---

[51] *See Burnell v. United States*, Nos. 1:06–CR–00497–TJM, 1:09–CV–00375–TJM, 2009 WL 3698386, at *3 (N.D.N.Y Nov. 2, 2009) ("Notwithstanding Petitioner's lack of a legal education, he was a successful businessman. The Court has no reason to doubt that Petitioner had the acumen to understand the plain language of the plea agreement that, in exchange for certain benefits, he was giving up some of his rights, including waiving post conviction relief should he be sentenced to less than 121 months.").

[52] 442 F.3d 770 (2d Cir. 2006).

[53] 528 U.S. 470.

[54] *Campusano*, 442 F.3d at 773 ("The *Flores–Ortega* Court held that a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable, and that where counsel's error leads to 'the forfeiture of a proceeding itself,' prejudice will be presumed[.]") (quoting *Flores-Ortega*, 528 U.S. at 483).

16

> brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). When counsel fails to do so, we will presume prejudice, as required by *Roe v. Flores–Ortega*, 528 U.S. 470 (2000), and the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit.[55]

Thus, "where counsel does not file a *requested* notice of appeal and fails to file an adequate *Anders* brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review."[56] The Circuit "decline[d] to adopt a rule that would allow courts to review hypothetical appeals as a substitute for real appeals that have been blocked by attorney error."[57] Instead,

> [w]hen a defendant claims that his attorney failed to file a *requested* notice of appeal, the following proceedings will ensue: (1) a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal; (2) an appeal from the district court's ruling, should either party seek one; and (3) a direct appeal if the defendant did in fact request that a notice of appeal be filed.[58]

*Campusano* is distinguishable because the defendant there twice requested that his attorney file a notice of appeal, which his attorney refused to do. Nowhere in Persaud's Declaration does he state that he expressly asked his trial

---

[55] *Id.* at 771-72 (parallel citations omitted) (emphasis added).

[56] *Id.* at 775 (emphasis added).

[57] *Id.* at 777.

[58] *Id.* at 776 (emphasis added).

attorney to file a notice of appeal on his behalf. Thus, a *Campusano* hearing is not warranted here. Furthermore, in *Campusano*, the defendant was an unsophisticated lay person with no legal education whatsoever whose waiver was included as part of his plea agreement. Here, Persaud is a sophisticated attorney who decided to waive his appeal/collateral attack rights post-conviction, shortly before sentencing. Accordingly, there is no reason to extend the protections afforded in *Campusano* to the factually distinguishable case *sub judice*. Because Persaud's waiver of his appellate/habeas rights is enforceable, that waiver precludes him from bringing the instant section 2255 motion, which must therefore be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Persaud's section 2255 motion is summarily dismissed because he knowingly and voluntarily waived the right to bring such a motion. Because I have not considered the merits of Persaud's motion, I decline to issue a Certificate of Appealability as to all issues raised therein. The Clerk of the Court is directed to close this motion in both the criminal case (unnumbered but dated March 30, 2012) and in the civil case (Docket Entry # 1). The Clerk of the Court is further directed to close the criminal and civil cases.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 22, 2012

**- Appearances -**

**For Petitioner:**

Dale L. Smith, Esq.
99 Park Avenue, Suite 1600
New York, NY 10016
(212) 219-1000

**For Respondent:**

Antonia Apps
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2198